UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDILYN AND SCOTT WILSON

      Plaintiffs,

Case No. 06-14957

Honorable Patrick J. Duggan

v.

HSBC BANK,

      Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan, of June 19, 2007.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiffs filed this action against Defendant HSBC Bank ("HSBC") in the Circuit Court of Genesee County, Michigan, alleging that HSBC failed to provide certain information and documents when Plaintiffs executed a Note and Mortgage related to real property located in Byron, Michigan ("Byron property"). HSBC removed Plaintiffs' complaint to federal court on November 3, 2006. Presently before the Court is HSBC's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56(c). Plaintiffs filed a response to the motion on May 7, 2007. On May 8, 2007, this Court issued a Notice informing the

parties that it is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(e)(2). For the reasons set forth below, the Court grants HSBC's motion to dismiss and for summary judgment.

## I. Factual and Procedural Background

On February 23, 2005, Plaintiff Scott Wilson ("Mr. Wilson") executed a Note with Oak Street Mortgage LLC for repayment of $231,750.00. (Def.'s Mot. Ex. 1.) To secure repayment of the Note, Mr. Wilson also executed a Mortgage on the Byron property. (*Id*. Ex. 2.) Mr. Wilson executed several additional documents related to the Mortgage and/or Note on February 23, 2005. (*Id*. Exs. 5-6, 9-12 & 16.) Plaintiff Brandilyn Wilson ("Mrs. Wilson") did not sign the Note or most of the other documents signed by Mr. Wilson; however, she did sign the Mortgage. (*Id*. Ex. 2.) According to HSBC, it was necessary to obtain Mrs. Wilson's signature on the Mortgage to waive her dower rights in the Byron property. On April 29, 2005, the Mortgage was recorded with the Genesee County Register of Deeds. (*Id*.)

Oak Street assigned the Mortgage to Mortgage Electronic Registration Systems, Inc. on March 4, 2005. (*Id*. Ex. 3.) The assignment was recorded on October 19, 2005. (*Id*.)

Plaintiffs subsequently defaulted under the terms of the Mortgage and foreclosure proceedings were commenced. After posting and publication of a notice of foreclosure, a Mortgage Foreclosure Sale occurred on February 15, 2006. (*Id*. Ex. 4.) HSBC was the successful bidder. (*Id*.)

On September 25, 2006, Plaintiffs filed their complaint in the Genesee County Circuit Court, alleging that HSBC violated various federal statutes and regulations by failing to make certain disclosures and provide certain documents to Plaintiffs when they executed the Note and/or Mortgage. Plaintiffs seek monetary damages for each violation. Plaintiffs further seek to enjoin the foreclosure on the Byron property and rescission of the entire Mortgage and Note.

## II.     Applicable Standards

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. Construing the complaint in a light most favorable to the plaintiff and assuming that the plaintiff's factual allegations are true, the court must determine whether the complaint states a valid claim for relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)(citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-33, 89 S. Ct. 1843, 1848-49 (1969)). A court may dismiss a claim pursuant to 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52,

106 S. Ct. 2505, 2512 (1986). The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986). Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *See id.*

**III. Analysis**

Plaintiffs allege twenty-three "causes of action" in their complaint.[1] Most, if not all, of these claims relate to information or documents which Plaintiffs claim they were entitled to receive, but did not receive, prior to or at the time the Note and Mortgage were executed. As HSBC was not the entity with whom the Note and Mortgage originated, it is not liable for the alleged errors or omissions. While Plaintiffs allege, with respect to their cause of action claiming a violation of Article 9 of the Uniform Commercial Code,

---

[1] In their twenty-third cause of action, Plaintiffs do not state a separate legal claim but only seek injunctive relief.

that HSBC failed to provide them with required UCC forms "during the duration of the alleged loan's history," Article 9 does not apply to the creation or transfer of an interest on real property. *See* MICH. COMP. LAWS ANN. § 440.9109(4)(k); *see also* U.C.C. Comment 7.

To the extent Plaintiffs allege that HSBC failed to provide them with certain notices, documents, or other information prior to the foreclosure on the Byron property, HSBC presents evidence to show that such notices, documents, and information were supplied. HSBC posted a Foreclosure Notice at the Byron property informing Plaintiffs of the amount due on the Mortgage and of the foreclosure proceedings scheduled for February 15, 2006. (Def.'s Mot. Ex. 13.) HSBC's current counsel, who HSBC employed to commence the foreclosure proceedings with respect to the Byron property, also sent a letter to Mr. Wilson on January 6, 2006. (*Id*. Ex. 15.) In that letter, counsel informed Mr. Wilson of the amount due on the Mortgage as of the date of the letter, his right to dispute the amount due, and his right to reinstate the debt provided all missed payments, late charges, advances, costs, and attorneys fees are paid before the foreclosure sale. (*Id*.)

Based on the above, the Court concludes that Plaintiffs fail to state a claim against HSBC on which relief may be granted or fail to demonstrate a genuine issue of material fact with respect to the elements of their claims.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss or, alternatively, for summary judgment is **GRANTED**.

                                                                     _____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Brandilyn & Scott Wilson
David G. Marowske, Esq.
Amy E. Muszall, Esq.
Jeffrey J. Short, Esq.